## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Michael E. Gary,

                Petitioner,     Case No. 16-13537

v.                            Judith E. Levy
                                 United States District Judge

Thomas Winn,

                             Mag. Judge Patricia T. Morris
                Defendant.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION AND DIRECTING RESPONDENT TO FILE AN ANSWER TO THE AMENDED PETITION AND A SUPPLEMENTAL RECORD [9]

In 2016, petitioner Michael Eugene Gary, a Michigan prisoner, filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The pleading challenges Petitioner's plea-based conviction in Kent County, Michigan for one count of assault with intent to murder, Mich. Comp Laws § 750.83. Petitioner argued that his trial counsel's ineffectiveness rendered his plea invalid. (ECF No. 1, PageID.2.) On April 11, 2017, Respondent Thomas Winn filed an answer in opposition to the petition through counsel. (ECF No. 6.) Petitioner filed a reply in which

he objected to Respondent's arguments and asked the Court for a stay of his federal case while he returned to state court and exhausted state remedies for additional claims. (ECF No. 8). Petitioner then pursued post-conviction remedies in state court. On June 3, 2019, he returned to this Court and filed an amended petition and a "motion to lift stay and amend [the] petition." (ECF No. 9.)

Because the Court did not formally stay this case while Petitioner pursued post-conviction remedies in state court, there is no stay to lift. However, the Court finds that justice so requires granting Petitioner's motion to amend his petition. The Court will also order Respondent to file an answer to the amended petition and the supplemental record.

## I. Background

On October 14, 2015, Petitioner pleaded no contest to one count of assault with intent to commit murder. In exchange for Petitioner's plea, the prosecutor agreed not to charge Petitioner with being a fourth habitual offender. The prosecutor also agreed to sentencing guidelines of 126 to 210 months (10-1/2 to 17-1/2 years) and to a minimum sentence of no more than fifteen years in prison. (ECF No. 7-2.) On November 20, 2014, the trial court sentenced Petitioner within the guidelines to a

minimum term of fifteen years in prison and a maximum term of one hundred years. (ECF No. 7-3.)

Petitioner applied for leave to appeal in the Michigan Court of Appeals, claiming that his plea was not knowing, understanding, and voluntary because his trial attorney misinformed him that the sentencing guidelines would score higher than they did. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Gary*, No. 327537 (Mich. Ct. App. June 26, 2015).

In an appeal to the Michigan Supreme Court, Petitioner alleged that: (1) he felt pressured to plead guilty because trial counsel was unprepared for trial and did not have his best interests at heart; (2) he was innocent of the crime, and trial counsel allowed him to plead to mis-scored guidelines; (3) and trial counsel convinced him that it was best to waive his right to a jury trial and enter a plea, and he did not have any time to make an informed, knowing, and intelligent decision. On March 8, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Gary*, 499 Mich. 869 211 (2016).

On September 30, 2016, Petitioner filed this habeas corpus petition. His sole ground for relief was that his trial counsel was ineffective and rendered his plea invalid by grossly misinforming him that his guidelines would score higher than they did. (ECF No. 1, PageID.2.) Respondent argued in an answer to the petition that the state appellate court's determination—that Petitioner's claim lacked merit—was not contrary to, or an unreasonable application of, federal law. (ECF No. 17, PageID.59.) Petitioner then filed a reply in which he sought a stay of the federal proceeding while he exhausted state remedies for additional claims. (ECF No. 8, PageID.237.)

The Court did not rule on Petitioner's request for a stay. Petitioner, nevertheless, filed a motion for relief from judgment in the state trial court while his federal habeas corpus petition remained pending. The trial court denied the motion, and on October 23, 2018, the Michigan Court of Appeals denied leave to appeal because Petitioner had failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. Gary*, No. 343557 (Mich. Ct. App. Oct. 23, 2018). On April 30, 2019, the Michigan Supreme Court denied leave to appeal

because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Gary*, 503 Mich. 1020 (2019).

Finally, on June 3, 2019, Petitioner filed a motion to lift a stay in this case and to amend his initial petition; Petitioner also attached his amended petition. (ECF No. 9.) The amended petition raises the following six claims:

I. Trial counsel was ineffective, and Gary's plea was invalid, because trial counsel grossly misinformed Gary as to the guidelines range; the final range maxed out the same as the cap in his sentencing agreement so there was no benefit to the plea;

II. Gary felt pressured to plead guilty because trial counsel was not prepared for trial and did not have his best interest at heart; she failed to present evidence;

III. Gary is innocent of this crime. Trial counsel let him plead to misscored guidelines that if they were scored correctly he would not have agreed to the plea.

IV. Gary's trial counsel convinced him that it was best to waive a jury trial and enter a plea based on the misscored guidelines; Gary did not have time to make an informed, knowing, and intelligent decision.

V. Appellate counsel provided ineffective assistance of counsel, where a motion to withdraw plea after sentence was not properly filed in the trial court, which denied the Michigan Court of Appeals the ability to adjudicate Defendant's claim on direct review. U.S. Const. AMS VI, XIV; and

VI.  Defendant's plea should be withdrawn as illusory and constitutionally invalid, where the habitual enhancement dismissed was not based on a valid felony conviction; alternatively, trial and appellate counsel[] were ineffective for failure to properly raise these obvious issues. U.S. Const. AMS VI, XIV.

(ECF No. 9, PageID.249.).

## II. Discussion

Under Federal Rule of Civil Procedure 15, a party may amend a pleading once as a matter of course within 21 days of serving the pleading or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Petitioner did not seek to amend his initial petition within 21 days of serving it or within 21 days of Respondent's answer to the habeas petition. Because it appears that Petitioner also did not seek and obtain Respondent's consent to amend his petition, he may not amend his habeas petition as a matter of course. Nevertheless, the Court must freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2).

Petitioner has exhausted state remedies for the two new claims that he presented to the state courts during post-conviction proceedings.

Furthermore, although he filed his amended petition more than a year after his conviction became final under 28 U.S.C. §2244(d)(1)(A), at least one of his new claims (claim VI) relates back to the date of his initial petition, which was timely filed. Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Therefore, justice requires allowing Petitioner to amend his initial petition even though he concedes that he did not comply with the one-year statute of limitations for his new claims. (ECF No. 9, PageID.247.)

Accordingly, the Court GRANTS Petitioner's motion to amend his petition. (ECF No. 9.) The Court ORDERS Respondent to file a response to the amended petition and a supplemental record containing the relevant portions of the post-appellate proceedings in state court. The supplemental answer and record shall be due within 30 days of the date of this order. Petitioner shall have 21 days from receipt of the supplemental answer to file a reply.

IT IS SO ORDERED.

Dated: November 22, 2019          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 22, 2019.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
